UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------x
JOSEPH DIFRANCO,

                          Plaintiff,                            **Civil Action No.:**

   -against-

                                                    **<u>NOTICE OF REMOVAL</u>**

JPMORGAN CHASE BANK, N.A., and URSTADT
BIDDLE PROPERTIES, INC.,

                        Defendant-Petitioner.
--------------------------------------------------------------------x
       TO:    THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF NEW YORK

      Defendants-Petitioners, JPMORGAN CHASE BANK, N.A., and URSTADT BIDDLE

PROPERTIES, INC., files this notice to remove the foregoing case to the United States District

Court for the Southern District of New York and respectfully shows this Court:

      1.      A civil action was originally commenced in the Supreme Court of the State of New

York, County of Westchester on or about July 24, 2020, in which the above-named individual,

Joseph DiFranco, is the plaintiff and the petitioners, JPMorgan Chase Bank, N.A. and Urstadt

Biddle Properties, Inc. are the defendants.  Annexed hereto as **Exhibit "A"** is a copy of the

Summons and Complaint. The action is entitled <u>Joseph DiFranco v. JP Morgan Chase Bank, N.A.

and Urstadt Biddle Properties, Inc.</u>, and was assigned state court Index Number 57662/2020.  See

**Exhibit A**.

      2.      In said action, plaintiff claims that on December 3, 2019, he was caused to trip and

fall at a Chase Bank located at 262 Saw Mill River Road in Yonkers, New York due to the

purported negligence of the defendants.  **Id**.  Plaintiff's Complaint did not include the amount of

damages sought.  **Id**.

3.      On August 17, 2020, defendant JPMorgan Chase Bank, N.A. served an Answer, a copy of which is annexed as **Exhibit "B."**  With its answer, a demand for a verified bill of particulars, combined demands, and a demand for ad damnum were served, copies of which are collectively annexed as **Exhibit "C."**  By right, our office served an Amended Answer on September 4, 2020 on behalf of <u>both</u> defendants - JPMorgan Chase Bank, N.A. and Urstadt Biddle Properties, Inc.  A copy of the Amended Answer is also included in **Exhibit "B"**.

4.      Plaintiff served a Verified Bill of Particulars and a response to combined discovery demands, on October 28, 2020.  Copies of plaintiff's redacted Verified Bill of Particulars, and response to combined discovery demands are collectively annexed hereto as **Exhibit "D"**.  Neither document contained the total amount of damages sought.  See **Exhibit D**.

5.      A response to defendants' demand for ad damnum remained outstanding until January 8, 2021, when plaintiff's counsel advised that the demand is $2,500,000.00.  Annexed as **Exhibit "E"** is plaintiff's response to defendant's demand for ad damnum. As plaintiff's response to the demand for ad damnum was provided on January 8, 2021, and qualifies as an "other paper" from which it may be first ascertained that the case has become removable, this motion is timely made pursuant to 28 U.S.C. § 1446(b)(1).

6.      This action is one of which the District Courts of the United States have original jurisdiction under 28 U.S.C. § 1332 and 28 U.S.C. § 1441.  There is diversity of citizenship between the plaintiff and the defendants.

7.      Pursuant to plaintiff's Complaint, at the time of the commencement of the action, plaintiff, Joseph DiFranco, resided at 6 Lockwood Avenue, #1 W, Yonkers, New York 10701.  See **Exhibit A**, ¶1; See **Exhibit D**, ¶1. He is, and was at the time of the commencement of the action, a citizen and resident of Westchester County, New York. See *Spanos v. Skouras Theatres Corp.*,

364 F.2d 161, 163 (2d Cir. 1966), *cert. denied*, 385 U.S. 987 (1966) (for purposes of diversity jurisdiction, an individual is a citizen of the state in which she is domiciled when the complaint is filed).

8.      Defendant, JPMORGAN CHASE BANK, N.A., is now and was at the time said action was commenced, a national bank and citizen of the State of Ohio, County of Delaware, by virtue of having designated Columbus, Ohio as its main office in its Articles of Association.   See, *OneWest Bank, N.A. v. Melina*, 827 F.3d 214, 219 (2d Cir. 2016) (a national bank is a citizen only of the state listed in its articles of association as its main office).  A copy of JPMorgan Chase Bank, N.A.'s Articles of Association is annexed hereto as **Exhibit "F"**.

9.      Defendant, URSTADT BIDDLE PROPERTIES, INC., is now and was at the time said action was commenced, a real estate investment trust incorporated in Maryland, as indicated in its Certificate of Good Standing from the State of Maryland, with its principal place of business in Greenwich, Connecticut, by virtue of having designated its main office in Greenwich, Connecticut. *See* 28 U.S.C. § 1332(c)(1) ("A corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business"). A copy of Urstadt Biddle Properties, Inc.'s Certificate of Good Standing is annexed hereto as **Exhibit "G"**.

10.     As plaintiff seeks damages for personal injuries in excess of $75,000 in damages, and complete diversity exists, removal is proper. *See Kings Choice Neckwear, Inc. v DHL Airways, Inc.*, 2003 US Dist LEXIS 17507 [SDNY Oct. 1, 2003](An action based on state law is removable to federal court when the district court would have original diversity jurisdiction because the amount in controversy exceeds $ 75,000 and, *inter alia,* there is complete diversity of citizenship between plaintiffs and defendants, 28 U.S.C. § 1332, provided that none of the parties properly

joined and served at the time of removal are residents of the forum state, 28 U.S.C. § 1441(b); *see also Wagner v Express Scripts, Inc.*, 2004 US Dist LEXIS 8180 [SDNY May 11, 2004].

11.      In *Wagner v Express Scripts, Inc.*, the court found that diversity jurisdiction over the action existed where the plaintiffs, residents of New York, sued the defendants, a Delaware corporation with its principal place of business in Missouri, and the amount in controversy exceeded $75,000.00. *Wagner v Express Scripts, Inc.*, 2004 US Dist LEXIS 8180, at *8 [SDNY May 11, 2004].

12.      And, as the action is venued in Westchester County Supreme Court, removal to the United States District Court for the Southern District of New York is proper.

13.      Written filing of this motion will be given to the plaintiff promptly after the filing of this motion, as is required by law.

14.      A true and correct copy of this motion will be filed with the Clerk of the Supreme Court of the State of New York, Westchester County promptly after the filing of this motion, as is required by law.

15.      A Preliminary Conference was held on December 3, 2020. A copy of the Preliminary Conference Order is attached as **Exhibit "H."** The parties have been actively engaging in exchange of written discovery in compliance with said Order.

16.      By filing this Notice of Removal, defendants-petitioners does not waive any defense which may be available to them.

WHEREFORE, petitioners pray that this action proceed in this Court as an action properly removed thereto.

Dated: New York, New York
        January 28, 2021

4

Yours etc.,

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

By:    *Stuart R. Simon*_____
Stuart R. Simon, Esq.
Attorneys for Defendants
JPMORGAN CHASE BANK, N.A., and
URSTADT BIDDLE PROPERTIES, INC.
150 E 42nd Street, 23rd Floor
New York, NY 10017
212-915-5584
File No. 19881.00181
Stuart.Simon@wilsonelser.com

TO:    Levi Lipton, Esq.
RUTBERG BRESLOW PERSONAL INJURY LAW
*Attorneys for Plaintiff*
3344 Route 9 North
Poughkeepsie, NY 12601
(845) 486-0300

11478427v.1